Daniel Creitz, Attorney Consolidated Unified School District No. 101 P.O. Box 108 Erie, Kansas 66733
Dear Mr. Creitz:
As the attorney for Consolidated Unified School District No. 101 (District), you inquire whether the District is legally authorized to employ the Consolidated Unified School District No. 101 Insurance Board (Insurance Board) to procure insurance.
You have provided a copy of the Insurance Board's constitution and by-laws. A review of these documents reveals that the Insurance Board is a collection of insurance agents with offices in the District who make insurance policy recommendations to the District and, if accepted, divide the premium among its members. The objective of the Insurance Board is stated as follows:
 "[T]o cooperate together in maintaining a high standard of integrity and harmony in the insurance business of the [District]; to adopt rules . . . and provide for the enforcement . . . as to the best interest business may require; to cooperate with various governmental bodies and private agencies in the reduction of the waste of and loss from fire in prevention accidents; to cooperate with the State Insurance Department in enforcing the insurance laws and regulations in the State of Kansas.
 "[This Insurance Board] shall act as advisor as to insurance for the [District] in such manner as is mutually agreed. Unless otherwise specifically provided by agreement with the said [District], the Board shall place such insurance as is required by said School District, among its members, shall deliver policies and collect for same through its treasurer who shall return to the agent writing each policy the net sum required by the Insuring Company after 20% of the commission shall be allowed to said writing agent, and the retained 80% of the commissions shall be collected by said treasurer . . . and disbursed at the direction of the Executive Committee in equal shares to each member agent."
You indicate that the Insurance Board recommends particular insurance policies to the District and, if the recommendation is accepted, the District pays the premium to the Insurance Board. The premium is then divided among the insurance agents who comprise the membership of the Board pursuant to the provision referenced above. There appears to be nothing in the documents that you provided which would legally obligate the District to accept the recommendations of the Insurance Board. Moreover, the District should exercise caution in not abdicating its responsibility to secure the insurance coverage that best suits its needs by delegating the duty to procure insurance to a group of insurance agents whose financial interests may conflict with the District's interests.
Finally, school districts have only such powers as are conferred upon them by statute, expressly or by necessary implication, and any reasonable doubt as to the existence of such power is resolved against its existence.[1] School districts are authorized to purchase several types of insurance.[2] Consequently, in the absence of statutory guidance that addresses how a school district is to procure insurance, it is our opinion that the District may consider the recommendations of the Insurance Board but is not legally required to accept its recommendations.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Hobart v. U.S.D. No. 309, 230 Kan. 375, 383 (1981).
[2] K.S.A. 72-8401 (boiler insurance); K.S.A. 72-8402 (fire and extended coverage insurance); K.S.A. 72-8404 (motor vehicle liability insurance); K.S.A. 72-8414 (health insurance); K.S.A.72-8416 (student insurance/bodily injury); K.S.A. 72-8417 (student insurance/theft).